No. 27,088.

Mary Klepinger, Administratrix, etc., *Appellant,* v. D. F. Kuns
and the Farmers and Merchants Bank of McPherson, *Ap-
pellees.*

SYLLABUS BY THE COURT.

Trover and Conversion—*Pleading and Evidence—Admissions in Answer Need
Not Be Proved.* In this action, one to recover for the conversion of money,
the evidence introduced by the plaintiff and the admissions contained in the
amended answer of the defendants have been examined, and it is held that
it was error to sustain the demurrer of the defendants to the evidence of the
plaintiff.

Appeal from McPherson district court; William G. Fairchild, judge.
Opinion filed February 12, 1927. Reversed.

*F. Dumont Smith* and *Eustace Smith,* both of Hutchinson, for the appel-
lant.

*G. F. Grattan,* of McPherson, *C. E. Branine* and *H. R. Branine,* both of
Hutchinson, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The plaintiff, the administratrix of the estate of
Maria Kuns, deceased, sued to recover $2,000 and interest thereon,
which she alleged belonged to Maria Kuns and which had been by
the defendants converted to their own use. Judgment was rendered
in favor of the defendants on their demurrer to the evidence of the
plaintiff, and the plaintiff appeals.

The plaintiff alleged that $4,000 had been deposited in the de-
fendant bank to the account of Maria Kuns and that the defendants
converted the $4,000 to their own use and refused to pay any part
of it to the plaintiff except $2,000, which was paid in January, 1923.
In their answer the defendants denied all the allegations of the
petition and pleaded the two- and three-year statute of limitations.
To that answer the plaintiff replied and set up a detailed statement
of transactions between Maria Kuns and the bank by which she
deposited the $4,000 in the bank and for which a certificate of de-
posit was issued to her. The reply further alleged that afterward
the defendant bank sold to Maria Kuns a note for $4,000 secured
by a mortgage on real property for which note Maria Kuns delivered
to the bank the certificate of deposit that had been issued to her.

Pleading, 31 Cyc. p. 676 n. 45. Trial, 38 Cyc. p. 1548 n. 23.

The reply in detailed allegations alleged that Maria Kuns was induced to take the $4,000 note by the fraudulent representations of the defendant. The defendants then filed an amended answer, which contained the following:

"For a further and second defense to the petition of plaintiff the defendants admit that on or about the first day of March, 1921, one R. H. Lingle paid to the defendant bank for Maria Kuns, deceased, the sum of $4,100, and as a part of said admission that the said defendant bank duly executed on said day its time certificate of deposit for the sum of $4,100 payable to the order of said Maria Kuns, bearing four per cent interest and due in six months, and placed the same in the box of the said Maria Kuns in said defendant bank."

The amended answer then alleged in detail the circumstances surrounding the transaction in which Maria Kuns became the owner of the $4,000 note. The amended answer alleged that the makers of the $4,000 note at various times, concluding on January 2, 1923, paid interest thereon amounting in all to $556.57. The amended answer also alleged that the makers of the note paid on January 2, 1923, the sum of $1,000 and on January 8, 1923, another $1,000. The amended answer, concerning the sale of the note and mortgage to Maria Kuns, alleged that:

"The said Maria Kuns by and through her daughter and duly authorized agent, Effa Sharpe, purchased the said note and mortgage for the sum of $4,000 and the said note was thereupon duly indorsed by said defendant bank to the said Maria Kuns and the same and the said mortgage were duly transferred and delivered to the said Maria Kuns and the said time certificate of deposit for $4,100 was thereupon duly indorsed, canceled and cashed by the said defendant bank and $4,000 of the proceeds thereof paid over and transferred to the said bank and the remaining $100 of the proceeds thereof deposited and credited in the checking account of the said Maria Kuns in the said bank, and thereupon the said note and mortgage with interest from March 1, 1921, became and was the property of the said Maria Kuns and the said $4,000 then became and was the property of the defendant bank."

The amended answer also pleaded the statute of limitations.

The evidence introduced by the plaintiff, as shown by the abstract, was as follows:

"Q. Your name is D. F. Kuns? A. Yes, sir.

"Q. President of the Farmers & Merchants Bank? A. Yes, sir.

"Q. Have you the certificate of deposit issued to Mrs. Maria A. Kuns in March, 1921? A. Yes, sir.

"Q. Let me see it, please. (Witness produces paper, which is by the court reporter marked Exhibit '1.')

"Q. This is the certificate of deposit issued by that bank to Maria A. Kuns on March 1, 1921, for $4,100? A. Yes, sir.

"Q. Indorsed on the back, 'Maria A. Kuns, D. F. K.' Who wrote that indorsement on there? A. I did.

"Q. You did? A. Yes, sir.

"By Mr. Smith: That is all. We offer in evidence Exhibit '1.'

"Exhibit '1.'

"Farmers and Merchants Bank.                                No. 7279.

McPherson, Kansas, March 1, 1921.                          $4,100.

Certificate of Deposit.

Not subject to check.

"R. H. Lingle has deposited in this bank, Far. & Mer. Bank, McP, $4,100 and 00 Cts. Dollars, payable to the order of Maria A. Kuns on the return of this certificate properly indorsed. 4 per cent interest per annum allowed if left one year. 4 per cent interest per annum allowed if left six months. No interest after maturity.                    J. W. Ingram, *Cashier*.

"Paid Mar. 29, 1921.        Farmers & Merchants Bank, McPherson, Kansas. (Indorsement.)   Maria A. Kuns, D. F. K."

To that evidence the demurrer of the defendants was sustained.

For the purpose of determining whether or not the demurrer should have been sustained it is necessary to consider the admissions contained in the amended answer. The evidence introduced showed that the certificate of deposit had been cashed. The amended answer admitted that the money for the certificate had been received by the defendants. That made a *prima facie* case for the plaintiff. It was then incumbent on the defendants to prove that the note and mortgage had been sold to the plaintiff and that the money arising from the certificate of deposit had been turned over to the bank to pay for the note and mortgage. It was error to sustain the demurrer to the evidence of the plaintiff.

The judgment is reversed, and a new trial is directed.